United States District Court
Southern District of Texas
**ENTERED**
January 30, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ISRAEL ANTONIO TORRES, TDCJ #1601476, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-22-4197 |
| LAVONDA J. McLEMORE, et al., | § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Israel Antonio Torres (TDCJ #1601476), is an inmate incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). He has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1) against two property officers and a grievance official at the TDCJ Central Office in Huntsville. Because Torres is a prisoner who proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint if it determines that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After considering the pleadings and the plaintiff's litigation history, the court concludes that this case must be dismissed for the reasons explained below.

I. **Background**

Torres is currently incarcerated by TDCJ at the Michael Unit.[1] He has filed this lawsuit against two property officers: (1) Officer Lavonda McLemore of the Allred Unit; and (2) Officer Richard Mendez of the Montford Unit.[2] He has also sued Grievance Coordinator J. Back, who works at the Central Grievance Office in Huntsville.[3]

Torres alleges that some "commissary food" items went missing from his property following a prison transfer between the Allred Unit and the Montford Unit.[4] Torres alleges that Officer McLemore and Officer Mendez failed to make a proper inventory of his property during the transfer process.[5] Torres alleges further that Back failed to provide a satisfactory response to a Step 2 Grievance that Torres filed regarding the loss of his property, which Back reportedly denied because Torres failed to list the missing items.[6] Invoking 42 U.S.C. § 1983, Torres now seeks

---

[1] Complaint, Docket Entry No. 1, p. 3. For purposes of identification all page numbers reference the pagination imprinted on each docket entry by the court's electronic case filing ("ECF") system.

[2] Id.

[3] Id.

[4] Id. at 4.

[5] Id. at 3.

[6] Id.

reimbursement for the lost food items in the amount of $30,000.00.[7]

## II. Discussion

Court records show that the Complaint in this case duplicates allegations made by Torres against the same defendants in another civil action filed by him previously in this district, in which he also sought compensatory damages for commissary food items that were lost or destroyed during the prison transfer process. See Torres v. McLemore et al., Civil No. H-22-3994 (S.D. Tex.) (Docket Entry No. 1). In that previous case, the claims against Officer McLemore and Officer Mendez were dismissed for failure to state a claim upon which relief could be granted under 42 U.S.C. § 1983. See id. (Docket Entry No. 16, p. 7). His claim against Back was dismissed as frivolous. See id.

A complaint filed by a litigant who proceeds in forma pauperis may be dismissed as malicious under 28 U.S.C. § 1915(e)(2)(B) if it duplicates allegations made in another federal lawsuit by the same plaintiff. See Pittman v. Moore, 980 F.2d 994, 994 (5th Cir. 1993) (per curiam). The Fifth Circuit has held that "a claim qualifies as malicious if it is virtually identical to and based on the same series of events as a claim previously brought by the plaintiff." Shakouri v. Davis, 923 F.3d 407, 410 (5th Cir. 2019) (citing Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)). Because the

---

[7]Id. at 4.

plaintiff has made the same claims in another lawsuit, the court concludes that the pending Complaint is subject to dismissal as malicious. See, e.g., Wilson v. Lynaugh, 878 F.2d 846 (5th Cir. 1989) (duplicative claims may be dismissed sua sponte). Accordingly, this civil action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III. Conclusion and Order

Based on the foregoing, it is **ORDERED** that the Complaint filed by Israel Antonio Torres (Docket Entry No. 1) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) as duplicative and malicious.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy to the Three Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this **30th** day of **Jan.**, 2023.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE